UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOE HAND PROMOTIONS, INC., :
:
                            **Plaintiff,** :        21-CV-10140 (ALC)
:
    -against- :
:        **ORDER TO SET ASIDE**
KIRVENS LLC d/b/a KIRVENS, MARISA JOY :        **CLERK'S CERTIFICATES**
DAVIS-KAIMANOVICH, AND STEVEN EVANS :        **OF DEFAULT**
WEINLES, :
:
                            **Defendant.** :
:
:
------------------------------------------------------------------- :
                                                                          x

**ANDREW L. CARTER, JR., District Judge:**

Defendants move to set aside the Clerk's Certificates of Default entered in this action. ECF Nos. 16-18. For the reasons set forth below, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff filed their complaint on November 30, 2021. ECF No. 1. Defendants failed to respond or otherwise move with respect to the Complaint. On March 17, 2022, the Clerk of Court issued Certificates of Default against all three Defendants. ECF Nos. 16-18. On April 11, 2022, this Court ordered Plaintiff to file motions for default judgment. ECF No. 19. Plaintiff filed their motion for default judgment on May 16, 2022. ECF No. 25. Defendants' Responses to the motions for default judgment were due by June 13, 2022. On that date, Defense Counsel filed a notice of appearance and requested an extension of time to file their answer to June 27, 2022. ECF Nos. 28-29. The Court granted Defendants an extension of time to file their answer, and on June 27, 2022, Defendants filed an answer to the Complaint and a motion to set aside the

Certificates of Default. ECF Nos. 32-34. Plaintiff did not oppose Defendants' request for an extension of time to file an answer, nor did they oppose Defendants' motion to set aside default.

## DISCUSSION

"The court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). To determine whether "good cause" exists, "a district court must consider three factors: (1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *Swarna v. Al–Awadi*, 622 F.3d 123, 142 (2d Cir. 2010). "It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quotation marks omitted). Indeed, "[m]otions to set aside default judgments should be granted liberally." *Crawford v. Nails on 7th By Jenny Inc.*, 18-CV-9849, 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020).

Defendants timely filed a response to the motion for default judgment, and Plaintiff did not file any opposition to the motion to set aside default. As the Second Circuit has expressed its "clear preference . . . for cases to be adjudicated on the merits," the Court denies Plaintiff's motion for default judgment. ECF No. 25. In addition, the Court sets aside the Clerk's Certificates of Default as to Steven Evans Weinles, Kirvens LLC, and Marisa Joy Davis-Kaimanovich at ECF Nos. 16-18.

The parties are ordered to provide a Joint Status Report to the Court on or before March 3, 2022. The Clerk of Court is respectfully directed to terminate the open motions at ECF Nos. 25 and 33.

**SO ORDERED.**

**Dated:** **New York, New York**
**February 17, 2023**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**